Submitted February 22, affirmed August 18, 2021

THE OPPRESSED STATE PRISONERS (O.S.P.),
by and through Guy Moret and Gilbert L. Lane,
*Plaintiffs-Appellants,*

*v.*

TELMATE, LLC,
State of Oregon, and United States,
*Defendants-Respondents,*

*and*

Kate BROWN,
Governor, State of Oregon et al.,
*Defendants.*

Marion County Circuit Court
19CV37075; A172623

495 P3d 743

Courtland Geyer, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the opening brief for appellants. Guy Moret and Gilbert L. Lane filed the supplemental briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent State of Oregon.

No appearance for respondents Telmate, LLC, and United States.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Plaintiffs are adults in custody at the Oregon State Penitentiary. They petitioned for a writ of habeas corpus, alleging that the flat-rate payment system for public defenders in the state results in systemic ineffective assistance of counsel that violates the Sixth Amendment to the United States Constitution.[1] Plaintiffs further alleged that, because of the systemic constitutional deficiencies of their legal representation, their sentences are illegitimate, and they are being imprisoned illegally.

The state moved to dismiss the petition under ORS 34.680(1), which provides that the "defendant may, before the writ issues, move to deny the petition on the grounds that the petition fails to state a claim for habeas corpus relief." In the state's view, claims involving ineffectiveness of counsel must be raised in post-conviction proceedings, not in a habeas action. The trial court agreed with the state and entered a judgment of dismissal without prejudice as to all claims. Plaintiffs appeal that judgment.

Having reviewed the briefing, including *pro se* briefing, the pleadings, and the relevant legal authorities, we hold that the trial court did not err in dismissing the petition, because habeas is not an appropriate mechanism to address plaintiffs' allegations. In so concluding, we do not discount the seriousness of plaintiffs' concerns, which go to the heart of the criminal justice system and the rights of criminal defendants. *See Gideon v. Wainwright*, 372 US 335, 344, 83 S Ct 792, 9 L Ed 2d 799 (1963) (it is an "obvious truth" that a person who is accused of a crime and who cannot afford the cost of an attorney "cannot be assured a fair

---

[1] In support of their contentions, plaintiffs rely on a newspaper article discussing Oregon's payment system for public defenders, as well as a 2019 report commissioned by the Oregon Public Defense Services Commission, the state agency responsible for indigent-defense services in Oregon, which describes the "array of contracts" through which the state seeks to meet its obligation to afford indigent defendants with effective counsel and which raised concerns about what it describes as being "at root a fixed fee contract system." *See* Zane Sparling, *Public Defenders' Caseloads Overflow*, Hillsboro Tribune (Feb 6, 2019); Sixth Amendment Center, *The Right to Counsel in Oregon: Evaluation of Trial Level Public Defense Representation Provided Through the Office of Public Defense Services* (2019), https://www.oregon.gov/opds/commission/reports/6ACOregon-report2019.pdf.

trial unless counsel is provided" for their defense). We also express no opinion as to whether the individual plaintiffs received effective assistance of counsel. We address only the legal question before us, which is whether the trial court erred in concluding that plaintiffs could not pursue their claims through a habeas action. It did not, and, accordingly, we affirm.

Affirmed.